JANTHONY T. STRAUGHTER,     \*      NO. 2024-CA-0299
DERON ALEXANDER AND
RUSSELL BICKHAM          \*      COURT OF APPEAL

VERSUS               \*      FOURTH CIRCUIT

OCCIDENTAL FIRE &      \*      STATE OF LOUISIANA
CASUALTY COMPANY OF
NORTH CAROLINA, THE      \*
TRINITY SYSTEM, INC., AND
AARON MATTHEW WHITE     \*

\* \* \* \* \* \* \*

**DLD**    **DYSART, J., CONCURS AND ASSIGNS REASONS**

I concur with the result reached by the majority but for different reasons. Here the majority holds that the date that initiates the peremptive period is March 23, 2023, when appellants first discovered clear evidence of phone contacts between Mr. Straughter and Cornelius Garner, the alleged ringleader of over 50 staged accidents. The trial court found that the date of discovery of the fraud was May 12, 2021, when the defendants/appellants responded to plaintiffs' discovery that "this accident bares (sic) similarities to a staged accident."[1]

I would find that the date the peremptive period began to run was April 13, 2023, the date that the jury verdict was reduced to a final judgment. To find otherwise would be to ignore the provisions of La. C.C.P. art. 2004, which provides that: "A final judgment obtained by fraud or ill practices may be annulled." The key word being "final" and here the final judgment did not occur

---

[1] The statement in the discovery response was based solely upon anecdotal evidence that the instant accident was strikingly similar to other "staged" 18 wheeler accidents that had been reported in the press and were under investigation by the U.S. Attorney's Office.

until April 13, 2023.  It is apparent that the provisions of subsection B of art. 2024 pertain to the discovery of fraud or ill practice after the final judgment.[2]

Further, the trial court, in addition to applying the inapplicable date for the initiation of the peremptive period to annul, did so for the wrong reasons. The trial court clearly placed the burden of discovering the fraud on the defendants - finding that the defendants could have discovered the plaintiffs had faked the car accident and were perpetrating a fraud upon the court much earlier than March 13, 2023, even stating that the defendants could have obtained police dashcam and bodycam footage.  To place the obligation on a defendant to discover a fraud is completely unjust.

The plaintiffs/appellees maintain that the appellants lacked due diligence in bringing the fraud claim forward until the eve of trial.  I disagree.  While due diligence would apply in normal discovery matters, such is not the case with fraud. Fraud, by its nature, is secretive.  It is not intended to be discovered.  To the contrary, fraud is hidden, deceptive and intentionally withheld.  Fraud is cunning, misleading, and illusory.  It hides under the leaves, in the bushes and the thicket. Here, only by mere fortuity, did the defendants discover an additional phone number (not disclosed in discovery) belonging to one of the plaintiffs which was found in medical records and was linked to that of the ringleader of a mass fraud involving dozens of feigned accidents that were all staged in a similar manner. The late discovery revealed as many as thirty phone calls between the plaintiffs and the ringleader on the very day of the accident which is at issue in this case.  It also revealed that the sole witness to this accident had been a witness in prior staged accidents orchestrated by Mr. Garner. Although this information became available shortly before the trial commenced, defendants request for a continuance

_____

[2] By way of illustration, 2 years after the judgment is obtained in the trial court the defendant finds out the plaintiff was not in the car that was the subject of the accident.  Here defendant would have one year from the date of the discovery of this information to file a petition to annul.

was denied. As the trial went forward a verdict in favor of the plaintiffs was reached and the Judgment was rendered by the court on April 13, 2023. I would find that date as the initiation of the preemptive period for filing a petition to annul for fraud or ill practices.